# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:03-CR-580-RCJ-LRL |
| JOHNNY JONES, | ) | **ORDER** |
| Defendant. | ) | |
| _____ | ) | |

Currently before the Court is Defendant Johnny Jones's letter/motion requesting reconsideration of this Court's decision denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582. (Mot. for Reconsideration (#141)).

## DISCUSSION

In the letter/motion, Defendant asserts that he is refiling the motion that he filed in November 2011, which was rejected on January 19, 2012, for an unknown reason. (Mot. for Reconsideration (#141) at 1).

According to the docket sheet, Defendant had filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582. (Mot. for Retroactive App. (#126)). On January 19, 2012, the Court held a hearing. (*See* Minutes of Proceeding (#136)). The minutes state that Defendant was present in custody with his attorney. (*Id.*). The Court made preliminary statements with respect to Defendant's *pro se* motion to reduce his sentence pursuant to the crack cocaine guidelines. (*Id.*). The Court found that Defendant was not eligible for relief and denied the motions to reduce his sentence pursuant to the crack cocaine guidelines (#126, 130). (*Id.*). The Court then moved onto the

matter of Defendant's revocation of supervised release. (*Id.*).

In the letter/motion, Defendant asserts that he had tried to raise issues with the Court on January 19, 2012, about his "crack law" motion, but the Court and his attorney told him that the motion would not be ruled on at the time because they were there for his supervised release violation hearing. (Mot. for Reconsideration (#141) at 1). Defendant asserts, after checking with the Clerk of the Court, he found out that his "crack law" motion had been denied on January 19, 2012. (*Id.*). He asserts that a decision had been made without him or his attorney on that date. (*Id.* at 2). He asserts that the "crack law" applies to him and that his last two years of his supervised release should be terminated and his sentence vacated. (*Id.*).

The Court construes this letter as a motion for reconsideration of its January 19, 2012 decision. The Court denies the motion for reconsideration of its denial of Defendant's motion to reduce his sentence pursuant to § 3582. The minutes from January 19, 2012, clearly demonstrate that Defendant and his attorney were present during the discussion of whether Defendant was eligible for a § 3582 sentence reduction pursuant to the crack cocaine guidelines. The Court found that Defendant was not eligible and denied the motions. Defendant has not provided any argument that the Court was wrong in its decision.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendant's letter/motion requesting reconsideration of this Court's decision denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582 is DENIED (#141).

DATED: This 5th day of July, 2012.

_____
United States District Judge